## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**WASHINGTON MCCASKILL**                                                        **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:10-CV-655-CWR-LRA**

**PIKE COUNTY SHERIFF'S DEPARTMENT, ET AL**             **DEFENDANTS**

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court regarding Plaintiff's failure to appear at the omnibus hearing which was scheduled in this case on March 3, 2010. Defense counsel attorney Wayne Dowdy appeared for the scheduled omnibus hearing, but Plaintiff did not appear or contact the Court to request a continuance. The undersigned was unable to conduct the hearing in Plaintiff's absence.

Plaintiff was notified of this hearing at the mailing address that he provided to the Court, being the Pike County Jail, 2109 Jessie Hall Road, Magnolia, Mississippi 39652. The notification was returned by the United States Postal Service as undeliverable, marked "Return to Sender- No Longer Here" [ECF No. 28]. The Court received a letter [ECF No.26] dated February 4, 2011, from Steve Rushing, Deputy Chief of the Pike County Sheriff's Department, advising the Court that Plaintiff was released from that jail on January 19, 2011.

Because Plaintiff is no longer incarcerated, he may have lost interest in prosecuting this civil case. He initiated this litigation by filing his Complaint, and it is his responsibility to prosecute his claims. His failure to attend the scheduled hearing caused Defendants to

incur additional and unnecessary attorney's fees and costs; Mr. Dowdy drove from Magnolia, Mississippi, to Jackson in order to represent these Defendants at the omnibus hearing.  Plaintiff also failed to keep the Court advised of his current address, as he was directed to do in that Order [ECF No. 16] entered on January 6, 2011.  He was warned at that time that his failure to advise the Court of a change of address would be deemed as a purposeful delay and contumacious act by Plaintiff and that it may result in the dismissal of his case without further notice.

Plaintiff has failed to abide by the orders of this Court due to his failure to attend the omnibus hearing or to notify the Court of any conflict.  He has also failed to abide by the orders of the Court due to his failure to provide his current address.  Plaintiff must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.**  If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - --- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--- operates as an adjudication on the merits.

(Emphasis added.)

Defendants made an *ore tenus* motion to dismiss the case against them at the scheduled omnibus hearing.  This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P.

2

41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, *supra*, 370 U.S. at 630.  The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)).  The record in Plaintiff's case supports such a finding. Plaintiff obviously lost interest in pursuing this lawsuit after his release from prison, although he has not formally dismissed his complaint.  The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.  The statute of limitations has not run on Plaintiff's claims, and the dismissal should be without prejudice.

For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court...." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*)(citations omitted).

THIS the 10th day of March, 2011.

                                        /s/ Linda R. Anderson
                               UNITED STATES MAGISTRATE JUDGE